in the admiralty law, as including the money used in the purchase of necessaries, furnishes a strong analogy. In all cases, however, where it is held that money may be set apart, the necessity—that is, whether the condition and circumstances of the bankrupt require the exemption of money—is first to be determined by the assignee, subject to the final decision in the court upon exceptions. In a note to Hay's Case it appeared there was evidence tending to show that the bankrupts had earned something since the bankruptcy; that two of them had no family depending upon their exertions, and were skilled workmen; that the wife of the third had some little property, and that the assets were small compared with the debts. The judge sustained the action of the assignee in refusing the exemption. In another case it appeared that the bankrupt and his family had suffered much from illness; that a large part of their clothing and bedding had been destroyed through fear of infection; that he was an old man, and his assets were considerable. An allowance was thereupon ordered. As it does not appear in the present case whether since the adjudication, the bankrupt has been engaged in profitable employment, or has been able to support himself and family, I think the question of exempting money must be left primarily to the judgment of the assignee upon the best information he can obtain, subject to the review of the court.

It results that an order must be made requiring the bankrupt to pay over to the assignee the amount realized by the mortgage, less the sum of one hundred and ten dollars paid to his counsel for services in preparing the petition and schedules, and less such further sum as the assignee may determine to be necessary for the temporary support of the bankrupt and his family, not exceeding, with his furniture and other articles, the sum of five hundred dollars.

## Case No. 13,939.

THOMPSON v. AFFLICK.

[2 Cranch, C. C. 46.] [1]

Circuit Court, District of Columbia. June Term, 1812.

LIMITATION OF ACTIONS—PLEA—WHEN TO BE FILED.

The court will not permit the plea of the statute of limitations to be filed after the rule-day, unless it be shown by affidavit to be necessary for the justice of the case.

[This was an action by Thompson's administrator against Afflick's administrator.]

Mr. Jones, for defendant, before the plea day, indorsed on the declaration, these words, "Non assumpsit; Stat. Lim.: set-off; account in bar," as his pleas.

Upon the calling of the imparlance docket,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Key objected to the plea of the statute of limitations because it was not written out at full length and filed at or before the rule-day.

Mr. Jones offered to file it nunc pro tunc.

But THE COURT (THRUSTON, Circuit Judge, absent) refused to receive it, unless it should be shown by affidavit to be necessary for the justice of the case.

[See Case No. 13,940.]

## Case No. 13,940.

THOMPSON v. AFFLICK.

[2 Cranch, C. C. 67.] [1]

Circuit Court, District of Columbia. Dec. Term, 1812.

WITNESS — COMPETENCY — INTEREST — SURETY ON ADMINISTRATOR'S BOND.

A surety in an administration bond is a competent witness for the administrator.

Mr. Caldwell, for defendant [Afflick's administrator], offered to examine as witness for the defendant, Charles Glover, who was a surety in the defendant's administration bond.

Mr. Key, for plaintiff [Thompson's administrator], objected that the witness was interested.

But THE COURT overruled the objection.

[See Case No. 13,939.]

## Case No. 13,941.

THOMPSON v. BALTIMORE PASS. R. CO.

[Cited in Cully v. Baltimore & O. R. Co., Case No. 3,466. Nowhere reported; opinion not now accessible.]

## Case No. 13,942.

THOMPSON et al. v. BARRY et al.

[2 Wkly. Notes, Cas. 100.]

Circuit Court, E. D. Pennsylvania. Oct. 27, 1875.

PATENTS—PRELIMINARY INJUNCTION—ASSIGNMENT —MOTION TO DISSOLVE.

Assignment by a complainant. after preliminary injunction granted, no ground on which to dissolve the injunction.

BY THE COURT. Motion to dissolve preliminary injunction. A bill was filed by complainants to restrain infringements of the reissued and extended letters patent Nos. 2,569. 2,570, and 2,571 and to obtain an account of profits and assessment of damages arising from said infringement. A preliminary injunction was granted on October 19, 1871. In June, 1874, complainants amended their bill. setting forth an assignment. dated after the granting of injunction, by the complainant, Thompson, of all his interest in said letters patent to the Pennsylvania

---

[1] [Reported by Hon. William Cranch, Chief Judge.]